BOLÍVAR PAGÁN, Plaintiff and Appellee, *v.* MUNICIPALITY OF LUQUILLO, Defendant and Appellant.

No. 5175.   Argued June 19, 1930.—Decided July 21, 1931.

*James R. Beverley, Attorney General,* and *Tomás Torres Pérez, Assistant Attorney General,* for appellant.  *Bolívar Pagán, in pro. per.*

MR. JUSTICE ALDREY delivered the opinion of the Court.

Attorney Bolívar Pagán rendered professional services to the Municipality of Luquillo in a suit brought by the latter to restrain Juan Bernabé from obstructing the use of a country road by the residents of the municipality, and the municipality appropriated in its budget the sum of $300 for such services.  The Auditor of Puerto Rico ordered a readjustment of said budget.  This was done, and the said sum was again appropriated, but it was never paid to that attorney notwithstanding his repeated demands.  Said attorney then brought an action to recover the sum of $600 as the value of his services.  A judgment was rendered for

$300 against the municipality, which has taken the present appeal.

The only ground urged in this Court for a reversal of the judgment is the failure of the lower court to sustain the defense set up by the municipality in its answer to the complaint, that the procedure by suit resorted to by the appellee was not the proper and legal remedy as being in conflict with sections 20 and 21 of our Organic Act. In other words, that he should have availed himself of the administrative procedure prescribed in the above sections, by bringing his claim before the Auditor of Puerto Rico, with the right of appeal to the Governor of Puerto Rico; and that he should not have instituted a judicial proceeding, as there is involved a debt liquidated by the municipality, and because the action of the Auditor would have finally settled his claim.

According to said section 20, the Auditor of Puerto Rico shall examine, audit, and settle, in accordance with law and administrative regulations, all expenditures of funds and property pertaining to or held in trust by the Government of Puerto Rico or the municipalities or dependencies thereof, and his decisions shall be final except that appeal therefrom may be taken within one year to the Governor of this Island, as prescribed in section 21.

The claim of attorney Pagán had not been liquidated by the municipality, as the latter lacked authority to fix arbitrarily the amount of the compensation for the attorney who represented it in said suit. The determination of the reasonable value of such services, in the absence of an express contract, is a judicial and not an administrative function, as the Auditor is not authorized by law to appraise such value; and hence said attorney was entitled to enforce his claim by resorting to the courts of justice, which are the only ones competent to settle his controversy with the municipality.

The decision in *Laborde* v. *Mun. of Isabela*, 38 P.R.R. 58, 66, does not favor the contention of the appellant, because that was an action to recover compensation for services rendered to the Municipality under a contract; and it being alleged there, as now, that the claim should have been enforced through administrative proceedings, this Court said: "With these antecedents we can not find that it was the intention of Congress to create a special or independent tribunal in the person of the Auditor of Puerto Rico. The only words in the act to this end are as follows: 'The decisions of the Auditor shall be final, except that appeal therefrom may be taken by the party aggrieved or the head of the department concerned within one year, in the manner hereinafter prescribed.' But we see therein no disposition to deprive a citizen who makes a contract with a municipality of his right to sue, or of his right to sue without first having recourse to the auditor." In the instant case it is not a question of whether or not the item for attorney's fees should have been included in the municipal budget, but what is involved is a claim for the payment of such services and the determination of the value thereof. The case of *Costas* v. *Mun. of Las Marías*, 37 P.R.R. 18, was an action to recover compensation for services rendered to a municipality and, a judgment for the defendant having been rendered below, this Court after considering in its decision said sections 20 and 21, reversed such judgment and ordered the payment of the claim. In the case of *Costas* v. *Mun. of Yauco*, 39 P.R.R. 51, which was similar to the one just cited, we reversed a judgment for the defendant that had been rendered by the lower court on the ground that the plaintiff had not exhausted the administrative remedies.

The judgment appealed from must be affirmed.